JUNE MONROE, CA State Bar No. 284763
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911
Facsimile:  (949) 752-0953
june@rjlaw.com

Attorney for Plaintiff,
L.A. SPECIALTY PRODUCE CO.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. SPECIALTY PRODUCE CO., a California corporation, dba L.A. SPECIALTY,<br><br>                 Plaintiff,<br><br>   v.<br><br>DONALD NOVACK, an individual; LINDA NOVACK, an individual; MARY VERNIEU, an individual,<br><br>                Defendants. | CASE NO.<br><br>**COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7 U.S.C. §499e, et seq.]**<br><br>1.  ENFORCEMENT OF STATUTORY PACA TRUST PROVISIONS;<br>2.  BREACH OF FIDUCIARY DUTY<br>3.  CONVERSION;<br>4.  BREACH OF PERSONAL GUARANTY<br>5.  DEFALCATION;<br>6.  FALSE PRETENSES;<br>7.  FOR FINANCE CHARGES AND RECOVERABLE ATTORNEYS' FEES |

Plaintiff L.A. Specialty Produce Co. complains and alleges as follows:

/ / /

/ / /

1

**I.**

**JURISDICTION AND VENUE**

1.     This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499c(5)] ("PACA") and pursuant to 28 U.S.C. §1331.  Venue is proper pursuant to 28 U.S.C. §1391(b).

2.     Plaintiff L.A. Specialty Produce Co. ("Plaintiff") is and was during all relevant times a California corporation, doing business as L.A. Specialty, among other fictitious business names, with a principal place of business is in the City of Santa Fe Springs, County of Los Angeles, State of California.

3.     Plaintiff is informed, believes and thereon alleges that Defendant Donald Novack ("DN") was an individual who during all times material herein was and an officer, director, member, manager and/or shareholder of Hal's Bar and Grill Play Vista, LLC and Primitiva, Inc. dba Hal's Bar and Grill, dba Primitivo, dba Casalinoa Mexican Grill (collectively "Hal's Bar and Grill") and who maintains a principal place of business located in the Los Angeles, CA and a residence within the jurisdictional boundaries of this court.

4.     Plaintiff is informed, believes and thereon alleges that Defendant Linda Novack ("LN") was an individual who during all times material herein was and an officer, director, member, manager and/or shareholder of Hal's Bar and Grill, and who maintains a principal place of business located in the Los Angeles, CA and a residence within the jurisdictional boundaries of this court.

5.     Plaintiff is informed, believes and thereon alleges that Defendant Mary Vernieu ("MV") was an individual who during all times material herein was and an officer, director, member, manager and/or shareholder of Hal's Bar and Grill, and who maintains a principal place of business located in the Los Angeles, CA and a residence within the jurisdictional boundaries of this court..

6.     The individuals described in paragraphs 3-5 may be collectively referred to as the "Defendants" hereinafter.

## II.

## GENERAL ALLEGATIONS

### (Against All Defendants)

7.      Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 6 inclusive, of this Complaint as though fully set forth herein.

8.      Plaintiff is informed, believes and thereon alleges that Hal's Bar and Grill, and each of them, were engaged in the handling of produce in interstate and/or foreign commerce as dealers and/or retailers in wholesale and jobbing quantities and therefore are subject to regulation under the U.S. Perishable Agricultural Commodities Act ("PACA").

9.      Plaintiff is informed, believes and thereon alleges that the Defendants are and at all times material herein were insiders with actual and constructive knowledge of the PACA Trust Assets and had positions in which they controlled or were in positions to control the PACA Trust Assets that are the subject of this lawsuit.

10.      On January 10, 2019, Hal's Bar and Grill Play Vista, LLC filed for Chapter 7 bankruptcy, the case styled as *In re Hal's Bar and Grill Playa Vista, LLC*, with the U.S. Bankruptcy Court, Central District of California, case no. 2:19-bk-10267-BB, with a no asset recovery and no proof of claim deadline. Hal's Bar and Grill Play Vista, LLC is not a defendant in this action.

11.      On January 10, 2019, Primitiva, Inc. filed for Chapter 7 bankruptcy, the case styled as *In re Primitiva, Inc*., with the U.S. Bankruptcy Court, Central District of California, case no. 2:19-bk-10268-RK, with a no asset recovery and no proof of claim deadline.   Primitiva, Inc. is not a defendant in this action.

12.      Plaintiff is informed and believes and thereon alleges that there exists and at all times herein mentioned there existed, a unity of interest and ownership between the Hal's Bar and Grill Play Vista, LLC ("HBGPV") and Primitiva, Inc. ("Primitiva") such that any individuality and separateness between and among them have ceased, and that they are alter egos and should be treated as a single entity in light of these facts:

3

a)      The Hal's Bar and Grill are each owned, managed and controlled by the Defendants.

b)      The HBGPV and Primitiva all trade under and conduct business under the name "Hal's Bar and Grill." This can be confirmed by accessing their website's list of locations, which includes HBGPV's location at 12751 Millennium Drive, Suite 140, Play Vista, CA and Primitiva's location at 1025 Abbot Kinney Blvd, Venice, CA (see http://www.halsplayavista.com/index.html and http://halsbarandgrill.com/ ).

c)      HBGPV and Primitiva incurred debts for the other.

d)      HBGPV and Primitiva paid debts for the other.

13.      In light of the facts set forth in the preceding paragraph, Hal's Bar and Grill are and must be treated as a single entity. Adherence to the fiction that each of Hal's Bar and Grill are entities distinct from one another would permit an abuse of the corporate privilege and would promote injustice.

14.      Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Hal's Bar and Grill were engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer and/or retailer in wholesale and jobbing quantities and was therefore subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

15.      Between on or about October 13, 2018 to December 20, 2018, in a series of transactions, Plaintiff sold perishable agricultural commodities to Hal's Bar and Grill and at their request, and shipped said produce in accordance with the instructions of Hal's Bar and Grill, for which Hal's Bar and Grill agreed to pay Plaintiff in principal amounts at least as great as the sum of $57,523.94.

16.      At or about the date of each transaction described above, Plaintiff forwarded to Hal's Bar and Grill invoices for said transactions setting forth in detail the amounts owed for the purchases cumulatively totaling $57,523.94.

17.     Plaintiff has repeatedly demanded that Hal's Bar and Grill pay the amounts due and owing under the invoices.  However, Hal's Bar and Grill have failed and refused, and continue to fail and refuse, to pay Plaintiff for the produce purchased and no part of those sums due and owing has been paid.

18.     Plaintiff has repeatedly demanded that Defendants pay the amounts due stated above, for produce sold and delivered to Defendants as described above.  Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA Trust Assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

19.     Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreements for sales of produce as set forth herein.

20.     As a direct and proximate result of the failure of Defendants to remit payment due to Plaintiff as described above, Plaintiff has suffered cumulative losses in the amount of at least $57,523.94, plus recoverable attorney's fees and interest at the highest legal rate.

### III.

### FIRST CAUSE OF ACTION

### (Enforcement of Statutory Trust Provisions of PACA Against All Defendants)

21.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 20, inclusive, of this Complaint as though fully set forth herein.

22.     Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)].

23.     Plaintiff is informed and believes and thereon alleges that during all times mentioned herein, Hal's Bar and Grill were engaged in the business of buying and selling perishable agricultural commodities as defined by PACA in wholesale and jobbing quantities as defined by PACA.

24.     The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

25.     Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiff to Defendants, Plaintiff became a beneficiary of a floating, non-segregated statutory trust on all of the Hal's Bar and Grill perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, any receivables or proceeds from the sale of such perishable agricultural commodities or products, assets derived therefrom, and commingled therewith ("PACA Trust Assets").

26.     Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff is informed and believes and thereon alleges that Plaintiff has performed and fulfilled all duties required to preserve its trust benefits in the cumulative amount of at least $57,523.94 as set forth above, for the perishable agricultural commodities sold in the transactions described herein, and that the cumulative balance of $57,523.94 remains past due and unpaid.

27.     Plaintiff is informed and believes for the reasons alleged herein above, that Defendants, and each of them, are statutory trustees under PACA.  The PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff.  Plaintiff is informed and believes and thereon alleges  that Defendants have failed to maintain the PACA Trust Assets and keep them available to satisfy Defendants' obligations to Plaintiff in that said Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached

6

their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

28.     Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of produce, to their own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff.  [7 C.F.R. §46.46(c)].  The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

29.     As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the cumulative loss of at least $57,523.94, plus recoverable attorney's fees and interest in amounts to be determined, all of which qualifies for protection under the PACA trust.

## IV.

## SECOND CAUSE OF ACTION

### (For Breach of Fiduciary Duty Against All Defendants)

30.     Plaintiff  hereby realleges and incorporates by reference paragraphs 1 through 29, inclusive, of this Complaint as though fully set forth herein.

31.     Plaintiff is informed, believes and thereon alleges that during times relevant to this action, Hal's Bar and Grill, and each of them, were transferees of PACA Trust Assets rightfully belonging to PACA Trust beneficiaries such as Plaintiff.

32.     Plaintiff is informed, believes and thereon alleges that during times relevant to this action, the Defendants were the controlling officers, directors, members, managers and/or shareholders of the Hal's Bar and Grill.

33.     As the controlling officers, directors, members, managers and/or shareholders of Hal's Bar and Grill, the Defendants had and continue to have a duty to ensure that Hal's Bar and Grill fulfilled their duties as PACA trustees and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient PACA Trust Assets available to satisfy all outstanding PACA trust obligations, such as those owed to Plaintiff, as the obligation became due.

34.     Plaintiff is informed, believes and thereon alleges that during times herein the Defendants had full knowledge and responsibility for the handling of Hal's Bar and Grill's duties as trustees of the PACA trust.

35.     Plaintiff is informed, believes and thereon alleges that Defendants breached their fiduciary duties to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

36.     Plaintiff is informed, believes and thereon alleges that the Defendants breached their fiduciary duties as PACA trustees by failing to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the produce Plaintiff supplied to them.

37.     As a direct and proximate cause and result of the Defendants' breach of their fiduciary duties, Plaintiff has incurred damages in the cumulative amount of at least $57,523.94  plus recoverable finance charges, attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

38.     As statutory PACA trustees, the Defendants are personally liable to Plaintiff for the breach of fiduciary duty in dissipating the PACA trust to the extent of $57,523.94 , less any monies Plaintiff receives from the PACA Trust Assets.

## V.

### THIRD CAUSE OF ACTION

#### (For Conversion Against All Defendants)

39.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 38, inclusive, of this Complaint as though fully set forth herein.

40.     At all times relevant herein, Plaintiff was and currently is, entitled to possession of the specific sums as alleged herein in the total cumulative principal amount of at least $57,523.94.

41.     During times relevant herein, and continuing thereafter, Plaintiff has repeatedly demanded the immediate turnover of the above-mentioned sums but Defendants have failed and refused and continue to fail and refuse to turn over such sums of money to Plaintiff.  Plaintiff is informed and believes and thereon alleges that Defendants have diverted payments the Hal's Bar and Grill's accounts receivable, assets of the PACA trust and monies due and owing to Plaintiff to themselves and to other unknown third parties.

## VI.

### FOURTH CAUSE OF ACTION

#### (Breach of Personal Guaranty Against All Defendants)

42.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 41, inclusive, of this Complaint as though fully set forth herein.

43.     On or about March 6, 2017, as further consideration for Plaintiff to enter into sales transactions with Hal's Bar and Brill, Defendant DN and LN entered into a written personal guaranty agreement with Plaintiff by which said Defendants, jointly and severally, personally guaranteed that the sums due to Plaintiff for Plaintiff's sale of perishable agricultural commodities as described herein would be promptly and fully paid.

44.     On or about September 19, 2017, as further consideration for Plaintiff to enter into sales transactions with Hal's Bar and Brill, Defendant DN and MV entered into a written personal guaranty agreement with Plaintiff by which said Defendants, jointly and severally, personally guaranteed that the sums due to Plaintiff for Plaintiff's sale of perishable agricultural commodities as described herein would be promptly and fully paid.

45.     In reliance on the above described guaranty agreements, Plaintiff and Defendants have conducted business continuously since 2017, including the transactions that are subject of this action.  A true and correct copy of said guaranties are attached hereto and incorporated herein by reference as **Exhibit 1**.  Plaintiff has notified Defendants that Defendants have failed and refused to pay the sums due to Plaintiff as alleged herein and has made demand on them for immediate payment of all sums subject to said personal guaranty agreement, however, Defendants have failed and refused and continue to fail and refuse to pay Plaintiff the amounts subject to the personal guaranty agreements and no part of those sums due and owing has been paid.

46.     Plaintiff has performed all covenants, conditions and obligations required to be performed by Plaintiff under the personal guaranty agreement as set forth herein.

47.     As a direct and proximate result of the failure of Guarantors to remit payment to Plaintiff as described above, Plaintiff has suffered losses in the amount of at least $57,523.94.

## VII.

## FIFTH CAUSE OF ACTION

### (Defalcation Under 11 U.S.C. § 523(a)(4) Against All Defendants)

48.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 47, inclusive, of this Complaint as though fully set forth herein.

49.     Pursuant to 11 U.S.C. § 523(a)(4) of the United States Bankruptcy Code, an individual debtor is not discharged from any debt for defalcation while acting in a fiduciary capacity.

50.     Under 7 U.S.C. § 499e(c)(2) of the PACA, Plaintiff became the beneficiary of the PACA statutory trust in the cumulative principal amount of $57,523.94  at the time of receipt of the produce.  The Defendants became statutory trustees under the PACA because of their control over PACA Trust Assets rightfully belonging to Plaintiff.

51.     As PACA trustees, the Defendants had duties to maintain PACA Trust Assets in such a manner as to ensure there were, at all times, sufficient trust assets to

satisfy all outstanding PACA trust obligations as they became due, such as those owed to Plaintiff.

52.    The statutory trust imposed by the PACA gives rise to a fiduciary capacity for its statutory trustees of the kind conceived of in 11 U.S.C. § 523(a)(4).  *A.J. Rinella & Co. v. Bartlett (In re Bartlett)*, 397 B.R. 610, 620 (Bankr. D. Mass. 2008).  *E. Armata, Inc. v. Parra (In re Parra)*, 412 B.R. 99, 105 (Bankr. E.D.N.Y. 2009).  *Consumers Produce Co. v. Masdea (In re Masdea)*, 307 B.R. 466, 474 (Bankr. W.D. Pa. 2004). *Gen. Produce, Inc. v. Tucker (In re Tucker)*, 2007 Bankr. LEXIS 1322 (Bankr. M.D. Ga. Apr. 10, 2007).

53.    The Bankruptcy Code, 11 U.S.C. §523(a)(4), provides that "[a] discharge under section 727…of this title does not discharge an individual debtor from any debt – for fraud or defalcation while acting in a fiduciary capacity."

54.    PACA trusts are express trusts that satisfy the fiduciary relationship requirement of 11 U.S.C. §523(a)(4).  *See In re Zois,* 201 B.R. 501 (Bankr.N.D. Ill. 1996); *In re Stout,* 123 B.R. 412 (Bankr.W.D. Okla. 1990); *In re Shipton,* BAP No. 90-1366 (9th Cir. 1991); *In re Snyder,* 184 B.R. 473 (Bankr.D.Md. 1995); *Morris Okun, Inc. v. Harry Zimmerman, Inc.,* 814 F.Supp. 346 (S.D.N.Y. 1993).

55.    During relevant times herein, the Defendants were owners, insiders, officers, directors, managers, members, and/or shareholders of  Hal's Bar and Grill.

56.     The Defendants were insiders of Hal's Bar and Grill and who controlled the operations and financial dealings of Hal's Bar and Grill, including those involving PACA Trust Assets.

57.    Plaintiff is informed, believes and thereon alleges that the Defendants were responsible for the daily management and control of  Hal's Bar and Grill, making the financial decisions for  Hal's Bar and Grill, signing company checks on behalf of  Hal's Bar and Grill, making decisions concerning the creditors to whom Hal's Bar and Grill would make payment, entering into contracts for Hal's Bar and Grill, negotiating sales of produce for Hal's Bar and Grill, and/or managing Hal's Bar and Grill's finances and

operations.

58.     As owners, insiders, officers, directors, manager, members and/or shareholders of Hal's Bar and Grill and the PACA Trust Assets, the Defendants had fiduciary duties to hold and preserve PACA Trust Assets in such a manner that there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations as they became due, such as those owed to the PACA trust beneficiaries, Plaintiff.

59.     Plaintiff is informed, believes and thereon alleges that Defendants are restaurant and produce retailer veterans who have owned and operated other restaurants and as such knew or should have known that the trust *res* could not be used to pay any obligations of Hal's Bar and Grill other than payment to their PACA trust beneficiary, such as Plaintiff.

60.     Plaintiff is informed, believes and thereon alleges that Defendants intentionally breached their fiduciary duty by failing to ensure that they preserve sufficient PACA Trust Assets to pay Plaintiff the principal amount of $57,523.94.

61.     Plaintiff is informed, believes and thereon alleges that Defendants intentionally breached the PACA trust and their fiduciary duty to Plaintiff when they converted PACA Trust Assets for their own use, including paying themselves salaries, receiving compensation, and/or receiving benefits from PACA Trust Assets or transferring PACA Trust Assets, during a time when PACA creditors, such as Plaintiff, remained unpaid.

62.     Further, Plaintiff is informed, believes and thereon alleges that Defendants intentionally breached the PACA trust and their fiduciary duty to Plaintiff when they converted PACA Trust Assets to third parties, during a time when PACA creditors, such as Plaintiff, remained unpaid.

63.     Plaintiff is informed, believes and thereon alleges that Defendants had knowledge of their obligations under the PACA and knowledge of Plaintiff's PACA trust claim by virtue of receiving the statutory notice sent to Defendants in 2017, when Defendants received the first invoice from Plaintiff with the statutory language printed on

the face pursuant to 7 U.S.C. §499e(c)(4).

64.     Plaintiff is informed, believes and thereon alleges that Defendants' reckless conduct constituted a breach of their fiduciary duties to Plaintiff as imposed by the PACA.

65.     Plaintiff is informed, believes and thereon alleges that the Defendants consciously disregarded or was willfully blind to the substantial and unjustifiable risk that his conduct – spending PACA Trust Assets on obligations other than payment to PACA trust beneficiaries – violated the statutory and common law trust duties imposed by the PACA.

66.     Plaintiff is informed, believes and thereon alleges that Defendants' conduct in spending PACA Trust Assets on obligations other than payment to Hal's Bar and Grill's trust beneficiaries was a gross deviation from the standard conduct that a law abiding person would observe in Defendants' situation.

67.     Plaintiff is informed, believes and thereon alleges that the Defendants' failure to hold in trust for the benefit of Plaintiff any and all produce, inventories of food and other products derived from the produce, and any receivables or proceeds from the sale of the produce, until full payment of the sums owing to Plaintiff, constitutes a defalcation by him while acting in a fiduciary capacity.  7 U.S.C. § 499e(c)(2); 11 U.S.C. § 523(a)(4).

68.     Pursuant to 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 1328(a)(2), the debt in the principal amount of $57,523.94, plus recoverable attorney's fees and interest in amounts to be determined, all of which qualifies for protection under the PACA trust, is owed to Plaintiff and is not dischargeable as the result of Defendants' defalcation while acting in a fiduciary capacity.

## VIII.

## SIXTH CAUSE OF ACTION

### (False Pretenses Under 11 U.S.C. §523(a)(2)(A) Against the Defendants)

69.     Plaintiff hereby realleges and incorporates by reference paragraphs 1

13

through 68, inclusive, of this complaint as though fully set forth herein.

70.     Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that: A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

(A)     false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition...

71.     Plaintiff is informed, believes and thereon alleges that all or part of the debt owed to Plaintiff is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code §523(a)(2)(A).

72.     Plaintiff is informed, believes and thereon alleges that Defendants violated 7 U.S.C. § 499e(c)(2) by failing to hold PACA Trust Assets in trust until all PACA trust beneficiaries were paid in full and instead converted, transferred or assigned PACA Trust Assets (produce receivables).

73.     Plaintiff is informed, believes and thereon alleges that Defendants violated 7 U.S.C. § 499e(c)(2) and Bankruptcy Code §523(a)(2)(A), by purchasing produce (obtaining property) from Plaintiff from October 13, 2018 to December 20, 2018, with false pretenses, a false representation or actual fraud, with the intent to hinder, delay or defraud Plaintiff in that the PACA Trust Assets (produce receivables) that were required to be held in trust for the benefit of the PACA trust beneficiaries, including Plaintiff, were instead used for other purposes and were converted, transferred or diverted to themselves or other third parties such that the trust assets were dissipated out of the reach of Plaintiff.

74.     Plaintiff is informed, believes and thereon alleges that at the time Hal's Bar and Grill purchased the produce from Plaintiff, Defendants knew that the PACA Trust

Assets were being used for purposes other than payment to the rightful owners, the PACA trust beneficiaries, Plaintiff herein.

75.     Plaintiff is informed, believes and thereon alleges that at the time Hal's Bar and Grill purchased the produce from Plaintiff, Defendants failed to disclose that PACA Trust Assets were being or going to be used for other purposes and were being or going to be transferred to themselves and to other third parties so that the trust assets would not be available to Plaintiff, and such non-disclosure equates to false pretenses, a false representation or actual fraud on Plaintiff.

76.     Plaintiff is informed, believes and thereon alleges that Defendants' participation in a scheme to hinder, delay or defraud PACA trust beneficiaries such as Plaintiff, renders debt owed to Plaintiff as non-dischargeable.

77.     Plaintiff is informed, believes and thereon alleges that in order to induce Plaintiff to enter into the purchase transactions, Defendants perpetrated false pretenses, a false representation or actual fraud.   In reliance upon these false pretenses, a false representation or actual fraud, Plaintiff agreed sell the perishable agricultural commodities to Hal's Bar and Grill.

78.     At the time of the produce transactions between Plaintiff, Plaintiff was unaware of the Defendants' secret intentions, as alleged herein on information and belief, to misappropriate, dissipate, divert, convert, assign or transfer PACA Trust Assets to themselves, or to third parties other than the PACA trust beneficiaries, and Plaintiff could not, in the exercise of reasonable diligence, have discovered Defendants' alleged secret intentions.  Had Plaintiff known of the Defendants' alleged true intentions and the true facts as alleged herein, Plaintiff would not have agreed to sell produce to Hal's Bar and Grill.

79.     Plaintiff is informed, believes and thereon alleges that Defendants' secret intentions to misappropriate, dissipate, divert, convert, assign or transfer PACA Trust Assets resulted in the diversion of trust assets or which prejudiced or impaired the ability the PACA trust creditors, such as Plaintiff, to recover the sums due owing in connection

with the produce transactions.

80.     Plaintiff is informed, believes and thereon alleges that in reliance on the Defendants' false pretenses, a false representation or actual fraud as set forth herein, Plaintiff took actions to its detriment and prejudice, including agreeing to sell produce to Hal's Bar and Grill.

81.     Plaintiff is informed, believes and thereon alleges that as a result of the Defendants' false pretenses, a false representation or actual fraud and other conduct as alleged herein, Plaintiff was induced to enter into the sales transactions with Hal's Bar and Grill, and have been damaged by Defendants in the combined principal amount of at least $57,523.94, plus recoverable attorney's fees and interest in amounts to be determined, all of which qualifies for protection under the PACA trust.

82.     Pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 1328(a)(2), the debt in the principal amount of $57,523.94, plus recoverable attorney's fees and interest in amounts to be determined, all of which qualifies for protection under the PACA trust, is owed to Plaintiff and is not dischargeable as the result of the Defendants' alleged false pretenses while acting in a fiduciary capacity.

## IX.

## SEVENTH CAUSE OF ACTION

### (For Finance Charges and Recoverable Attorneys' Fees Against All Defendants)

83.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 to 82, inclusive of this Complaint as though fully set forth herein.

84.     Pursuant to PACA, 7 U.S.C. §499e(c) and the Code of Federal Regulations promulgated there under, Defendants were statutorily required to maintain a trust in such amount in favor of Plaintiff in order to make full payment to Plaintiff.

85.     As a result of the failure of Defendants to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to compel payment of the trust *res.*

86.     As a further result of the failure of Defendants to comply with their

statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

87.    Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorneys' fees, costs and loss of interest due to violations by Defendants of their statutory duties to maintain the trust and make full payment promptly.

88.    Plaintiff's invoices contained written provisions for attorneys' fees on the face of each of the invoices submitted to Defendants.  Plaintiff's invoices also contained a provisions for interest on unpaid balances at the rate of 1.5% per month (18% per annum) from the date payment was due until paid.  Each of these provisions were bargained for terms of the contract and are sums owing in connection with the transaction.   Accordingly, Plaintiff is entitled to and requests judgment against Defendants, jointly and severally, for pre-judgment interest and/or finance charges and costs and attorneys' fees.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

## FIRST CAUSE OF ACTION

### (For Enforcement of Statutory Trust Provisions of PACA)

1.    For an order requiring Defendants to immediately account for and pay all PACA Trust Assets to Plaintiff in the combined amount of $57,523.94 as against Defendants;

2.    For interest at the highest legal rate from the date the obligation became due and payable to Plaintiff;

3.    For reasonable attorney's fees and costs of suit incurred herein; and,

4.    For such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### (For Breach of Fiduciary Duty)

1.    For judgment, jointly and severally, against the Defendants and in favor of the Plaintiff in the cumulative amount of $57,523.94 ;

2.      For interest at the highest legal rate from the date each invoice became past due, less any monies received from Defendants;

3.      For reasonable attorneys' fees and costs of suit incurred herein; and,

4.      For such other and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION
### (For Conversion)

1.      For value of the monies converted in the amount of $57,523.94  as against Defendants, and each of them, jointly and severally;

2.      For finance charges at the highest permissible rate from the date the obligation became due and payable to Plaintiff;

3.      For attorney's fees and costs of suit incurred; and

4.      For such other and further relief as the Court deems just and proper.

### FOURTH CAUSE OF ACTION
### (For Breach of Personal Guaranty)

1.       For judgment, jointly and severally, against the Defendants and in favor of the Plaintiff in the cumulative amount of $57,523.94 ;

2.      For interest at the highest legal rate from the date each invoice became past due, less any monies received from Defendants;

3.      For reasonable attorneys' fees and costs of suit incurred herein; and,

4.      For such other and further relief as the Court may deem just and proper.

### FIFTH CAUSE OF ACTION
### (Defalcation)

1.      For an order that the principal debt owed by the Defendants to Plaintiff in the principal amount of at least $57,523.94, be excepted from discharged, pursuant to 11 U.S.C. §523(a)(4);

2.      For finance charges at the highest permissible rate from the date the obligation became due and payable to Plaintiff;

3.      For attorney's fees and costs of suit incurred;  and,

4.  For such other and further relief as the Court deems just and proper.

## SIXTH CAUSE OF ACTION

### (False Pretenses)

1.      For an order that the principal debt owed by the Defendants to Plaintiff in the principal amount of at least $57,523.94 , be excepted from discharged, pursuant to 11 U.S.C. §523(a)(2)(A);

2.      For finance charges at the highest permissible rate from the date the obligation became due and payable to Plaintiff;

3.      For attorney's fees and costs of suit incurred;  and,

4.      For such other and further relief as the Court deems just and proper.

## SEVENTH CAUSE OF ACTION

### (For Attorneys Fees, Costs, Finance Charges and/or Interest)

1.      For interest or finance charges thereon at the highest permissible rate from the date the obligation became due and payable to Plaintiff until fully paid as separately alleged above, until all principal sums are fully paid;

2.      For reasonable attorneys' fees and costs of suit incurred herein; and,

3.      For such other and further relief as this Court deems proper.

Respectfully submitted,

Dated: January 30, 2019              By:    /s/ JUNE MONROE
                                                 June Monroe, Attorneys for Plaintiff,
                                                 L.A. SPECIALTY PRODUCE CO. dba
                                                 L.A. SPECIALTY